EXHIBIT A

Select jurisdiction:     Select language:

United States ▼       English ▼

Last modified: 8/16/2022

# U.S. Terms of Use

## 1. Contractual Relationship

Uber provides a personalized multipurpose digital marketplace platform ("Uber Marketplace Platform") that enables you to conveniently find, request, or receive transportation, logistics and/or delivery services from third-party providers that meet your needs and interests. These Terms of Use ("Terms") govern your access or use, from within the United States and its territories and possessions, of the Uber Marketplace Platform and any related content or services (collectively, the "Services," as more fully defined below in Section 3) made available in the United States and its territories and possessions by Uber Technologies, Inc. and its subsidiaries, representatives, affiliates, officers and directors (collectively, "Uber"). PLEASE READ THESE TERMS CAREFULLY, AS THEY CONSTITUTE A LEGAL AGREEMENT BETWEEN YOU AND UBER. In these Terms, the words "including" and "include" mean "including, but not limited to."

By accessing or using the Services, you confirm your agreement to be bound by these Terms. If you do not agree to these Terms, you may not access or use the Services. These Terms expressly supersede prior agreements or arrangements with you regarding the use of the Services.

Notwithstanding the foregoing, these Terms do not supersede or otherwise impact the enforceability of any agreements you may have with Uber or its subsidiaries regarding driving, delivering and/or providing transportation and/or delivery services

(e.g., the Platform Access Agreement, the Technology Services Agreement and/or any similar agreements). To the extent (but only to the extent) any agreement you may have with Uber regarding driving, delivering and/or providing transportation and/or delivery services conflicts with these Terms, those agreements (and not these Terms) will prevail with respect to any disputes arising from you driving, delivering and/or providing transportation and/or delivery services.

Uber may immediately terminate these Terms or any Services with respect to you, or generally cease offering or deny access to the Services or any portion thereof, at any time for any reason.

IMPORTANT: PLEASE BE ADVISED THAT THIS AGREEMENT CONTAINS PROVISIONS THAT GOVERN HOW CLAIMS BETWEEN YOU AND UBER CAN BE BROUGHT, INCLUDING THE ARBITRATION AGREEMENT (SEE SECTION 2 BELOW). PLEASE REVIEW THE ARBITRATION AGREEMENT BELOW CAREFULLY, AS IT REQUIRES YOU TO RESOLVE ALL DISPUTES WITH UBER ON AN INDIVIDUAL BASIS AND, WITH LIMITED EXCEPTIONS, THROUGH FINAL AND BINDING ARBITRATION (AS DESCRIBED IN SECTION 2 BELOW). BY ENTERING INTO THIS AGREEMENT, YOU EXPRESSLY ACKNOWLEDGE THAT YOU HAVE READ AND UNDERSTAND ALL OF THE TERMS OF THIS AGREEMENT AND HAVE TAKEN TIME TO CONSIDER THE CONSEQUENCES OF THIS IMPORTANT DECISION.

Supplemental terms may apply to certain options or offers available through the Services, such as policies for a particular ride or logistics option (e.g., Uber Connect), event, program, activity, or promotion. Such supplemental terms will be disclosed to you in connection with the applicable option or offer. Supplemental terms are in addition to, and shall be deemed a part of, the Terms for the purposes of the applicable option or offer. Supplemental terms shall prevail over these Terms in the event of a conflict with respect to the applicable option or offer.

Uber may make changes to these Terms from time to time. If Uber makes changes, it will provide you with notice of such changes, such as by sending an email, providing a notice through the Services, or updating the date at the top of these Terms. Unless Uber says otherwise in its notice, the amended Terms will be effective immediately and your continued access to and use of the Services after Uber provides such notice will confirm your acceptance of the changes. If you do not agree to the amended Terms, you must stop accessing and using the Services.

Uber's collection and use of personal information in connection with the Services is described in Uber's Privacy Notice located at https://www.uber.com/privacy/notice.

## 2. Arbitration Agreement

By agreeing to the Terms, you agree that you are required to resolve any claim that you may have against Uber on an individual basis in arbitration as set forth in this Arbitration Agreement, and not as a class, collective, coordinated, consolidated, mass and/or representative action. This Arbitration Agreement will preclude you from bringing any class, collective, coordinated, consolidated, mass and/or representative action against Uber, and also preclude you from participating in or recovering relief in any current or future class, collective, coordinated, consolidated, mass and/or representative action brought against Uber by someone else—except as provided below in Section 2(a)(3)(c). Thus, the parties agree that the Arbitrator shall not conduct any form of class, collective, coordinated, consolidated, mass and/or representative arbitration, nor join, coordinate, or consolidate claims of multiple individuals against Uber in a single proceeding—except as provided below in Section 2(a)(3)(c). For the avoidance of doubt, except as provided below in Section 2(a)(3)(c), this Arbitration Agreement precludes you from bringing or participating in any kind of class, collective, coordinated, consolidated, mass and/or representative or other kind of group, multi-plaintiff or joint action against Uber, other than participating in a classwide, collective, coordinated, consolidated, mass and/or representative settlement of claims.

(a) Agreement to Binding Arbitration Between You and Uber.

(1) Covered Disputes: Except as expressly provided below in Section 2(b), you and Uber agree that any dispute, claim, or controversy in any way arising out of or relating to (i) these Terms and prior versions of these Terms, or the existence, breach, termination, enforcement, interpretation, scope, waiver, or validity thereof; (ii) your access to or use of the Services at any time; (iii) incidents or accidents resulting in personal injury to you or anyone else that you allege occurred in connection with your use of the Services (including, but not limited to, your use of the Uber Marketplace Platform or the driver version of the Uber App), regardless whether the dispute, claim, or controversy occurred or accrued before or after the date you agreed to the Terms, and regardless whether you allege that the personal injury was experienced by you or anyone else; and (iv) your relationship with Uber, will be settled by binding individual arbitration between you and Uber, and not in a court of law. This Arbitration Agreement survives after your relationship with Uber ends.

(2) Class Action Waiver: You acknowledge and agree that any and all disputes, claims, or controversies between the parties shall be resolved only in individual arbitration. The parties expressly waive the right to have any dispute, claim, or controversy brought, heard, administered, resolved, or arbitrated as a class, collective, coordinated, consolidated, and/or representative action, and neither an arbitrator nor an arbitration provider shall have any authority to hear, arbitrate, or administer any class, collective, coordinated, consolidated, and/or representative action, or to award relief to anyone but the individual in arbitration. The parties also expressly waive the right to seek, recover, or obtain any non-individual relief. Notwithstanding anything else in

this agreement, this Class Action Waiver does not prevent you or Uber from participating in a classwide, collective, and/or representative settlement of claims.

The parties further agree that if for any reason a claim does not proceed in arbitration, this Class Action Waiver shall remain in effect, and a court may not preside over any action joining, coordinating, or consolidating the claims of multiple individuals against Uber in a single proceeding, except that this Class Action Waiver shall not prevent you or Uber from participating in a classwide, collective, and/or representative settlement of claims. If there is a final judicial determination that any portion of this Class Action Waiver is unenforceable or unlawful for any reason, (i) any class, collective, coordinated, consolidated, and/or representative claims subject to the unenforceable or unlawful portion(s) shall proceed in a court of competent jurisdiction; (ii) the portion of the Class Action Waiver that is enforceable shall be enforced in arbitration; (iii) the unenforceable or unlawful portion(s) shall be severed from this Arbitration Agreement; and (iv) severance of the unenforceable or unlawful portion(s) shall have no impact whatsoever on the enforceability, applicability, or validity of the Arbitration Agreement or the arbitrability of any remaining claims asserted by you or Uber.

## (3) Mass Actions:

a. Mass Action Waiver: You acknowledge and agree that any and all disputes, claims, or controversies between the parties shall be resolved only in individual arbitration. The parties expressly waive the right to have any dispute, claim, or controversy brought, heard, administered, resolved, or arbitrated as a mass action, and neither an arbitrator nor an arbitration provider shall have any authority to hear, arbitrate, or administer any mass action or to award relief to anyone but the individual in arbitration —except as provided below in Section 2(a)(3)(c). The parties also expressly waive the right to seek, recover, or obtain any non-individual relief. The parties agree that the definition of a "Mass Action" includes, but is not limited to, instances in which you or Uber are represented by a law firm or collection of law firms that has filed 50 or more arbitration demands of a substantially similar nature against the other party within 180 days of the arbitration demand filed on your or Uber's behalf, and the law firm or collection of law firms seeks to simultaneously or collectively administer and/or arbitrate all the arbitration demands in the aggregate. Notwithstanding anything else in this agreement, this Mass Action Waiver does not prevent you or Uber from participating in a mass settlement of claims.

b. Dispute Procedure: Notwithstanding any provision to the contrary in the applicable arbitration provider's rules, the arbitrator shall be empowered to determine whether the party bringing any claim has filed a Mass Action in violation of the Mass Action Waiver. Either party shall raise with the arbitrator or arbitration provider such a dispute within 15 days of its arising. If such a dispute arises before an arbitrator has been appointed, the parties agree that (i) a panel of three arbitrators shall be appointed

to resolve only disputes concerning whether the party bringing any claim has filed a Mass Action in violation of the Mass Action Waiver. Each party shall select one arbitrator from the arbitration provider's roster to serve as a neutral arbitrator, and these arbitrators shall appoint a third neutral arbitrator. If the parties' arbitrators cannot agree on a third arbitrator, the arbitration provider will select the third arbitrator; (ii) Uber shall pay any administrative fees or costs incidental to the appointment of Arbitrators under this provision, as well as any fees or costs that would not be incurred in a court proceeding, such as payment of the fees of the arbitrators, as well as room rental; (iii) the arbitrators shall issue a written decision with findings of fact and conclusions of law; and (iv) any further arbitration proceedings or assessment of arbitration-related fees shall be stayed pending the arbitrators' resolution of the parties' dispute. If the arbitrator or panel of arbitrators determines that you have violated the Mass Action Waiver, the parties shall have the opportunity to opt out of arbitration within 30 days of the arbitrator's or panel of arbitrator's decision. You may opt out of arbitration by providing written notice of your intention to opt out to the arbitration provider and to Uber Technologies, Inc., Attn: Legal Department, 1515 3rd Street, San Francisco, CA 94158 via USPS Priority Mail or hand delivery. This written notice must be signed by you, and not any attorney, agent, or other representative of yours. Uber may opt out of arbitration by sending written notice of its intention to opt out to the arbitration provider and to you or your attorney, agent, or representative if you are represented. For the avoidance of doubt, the ability to opt out of arbitration described in this Section 2(a)(3)(b) only applies if the arbitrator or panel of arbitrators determines that you have violated the Mass Action Waiver. If the parties proceed with arbitration, the parties agree that arbitrations will be batched as provided in Section 2(a)(3)(c) below.

c. Batching:

i. To increase efficiency of resolution in the event a Mass Action is filed and neither party exercises its right to opt out of arbitration pursuant to Section 2(a)(3)(b) above, the following procedure shall apply. At the request of either party, an arbitrator shall be selected according to the applicable arbitration provider's rules to act as a special master ("Special Master") to resolve threshold disputes regarding the propriety of some or all the arbitration demands submitted in the Mass Action ("Mass Arbitration Demands"). These threshold disputes may include, but are not limited to:

1. Any dispute regarding filing fees owed with respect to the Mass Arbitration Demands, including whether claimants have submitted valid fee waivers;

2. Any dispute regarding whether the applicable arbitration provider has complied with the Arbitration Agreement with respect to processing and administering the Mass Arbitration Demands;

3. Any dispute regarding whether the Mass Arbitration Demands meet the requirements set forth in Section 2(d) below;

4. Whether claimants are barred from proceeding with their claims based on a prior settlement agreement, violation of these Terms, or expiration of the statute of limitations;

5. Any dispute relating to representation of the same claimant by multiple law firms;

6. Any dispute regarding whether the Mass Arbitration Demands were filed with the correct arbitration provider;

7. Any dispute regarding discovery common to all claims; and

8. Any disputes regarding legal or factual issues common to all claims.

Any such request shall be made within 15 days following the expiration of the opt-out period described in Section 2(a)(3)(b), and may be made by providing written notice to the arbitration provider. Upon the request of either party to appoint a Special Master to resolve the foregoing issues, the applicable arbitration provider shall refrain from further processing any of the Mass Arbitration Demands to which a dispute has been raised. No further payment for filing fees, administrative costs, or arbitrator fees shall be deemed due with respect to any of the Mass Arbitration Demands as to which a dispute has been raised until after the dispute(s) has/have been resolved by the Special Master. Uber shall be responsible for the applicable arbitration provider's and Special Master's fees and costs related to the proceedings before the Special Master.

A Special Master appointed pursuant to this procedure shall have no authority to consolidate cases.

ii. After proceedings before the Special Master have concluded, to the extent any of the Mass Arbitration Demands are permitted to proceed, the parties shall group the Mass Arbitration Demands into batches of no more than 100 demands per batch by state of residence, and then alphabetically by last name (plus, to the extent there are less than 100 arbitration demands left over after the batching described above, a final batch consisting of the remaining demands), and shall inform the arbitration provider of the batches and their compositions within 14 days of the conclusion of proceedings before the Special Master. The arbitration provider shall treat each batch of claims as one case, with each case having one demand for arbitration, one appointed arbitrator, and one set of administrative documents and administrative and filing fees per batch. The parties shall randomly assign sequential numbers to each batch, and only one batch shall proceed to arbitration at a time in the order of the random sequential numbers. A separate arbitrator will be appointed to, and administrative and filing fees assessed for, each batch as the batch proceeds to arbitration. You agree to cooperate in good faith with Uber and the arbitration provider to

implement such a batch approach to resolution and fees. Nothing in this provision shall be construed as limiting the right to object that the filing or presentation of multiple arbitration demands by or with the assistance of the same law firm or organization violates any term of this Agreement.

iii. If any Mass Arbitration Demands were originally processed as individual arbitration demands before this batching procedure was commenced, further proceedings, including the assessment of further arbitration filing or administration fees to either party shall be governed by the procedures set forth in this Section 2(a)(3).

(4) Delegation Clause: Only an arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute arising out of or relating to the interpretation, applicability, enforceability, or formation of this Arbitration Agreement, including without limitation any claim that all or any part of this Arbitration Agreement is void or voidable. An arbitrator shall also have exclusive authority to resolve all threshold arbitrability issues, including issues relating to whether the Terms are applicable, unconscionable, or illusory and any defense to arbitration, including without limitation waiver, delay, laches, or estoppel. However, only a court of competent jurisdiction, and not an arbitrator, shall have the exclusive authority to resolve any and all disputes arising out of or relating to the Class Action Waiver and Mass Action Waiver, including, but not limited to, any claim that all or part of the Class Action Waiver and/or Mass Action Waiver is unenforceable, unconscionable, illegal, void, or voidable—except that, as stated and pursuant to the procedures provided in Section 2(a)(3)(b), an arbitrator or panel of arbitrators shall have authority to determine whether the party bringing any claim has violated the Mass Action Waiver.

(5) Application to Third Parties: This Arbitration Agreement shall be binding upon, and shall include any claims brought by or against any third parties, including but not limited to your spouses, heirs, third-party beneficiaries and assigns, where their underlying claims arise out of or relate to your use of the Services. To the extent that any third-party beneficiary to this agreement brings claims against the Parties, those claims shall also be subject to this Arbitration Agreement.

(b) Exceptions to Arbitration.

Notwithstanding the foregoing, this Arbitration Agreement shall not require arbitration of the following claims: (i) individual claims brought in small claims court so long as the matter remains in such court and advances only on an individual basis; (ii) individual claims of sexual assault or sexual harassment occurring in connection with your use of the Services; and/or (iii) injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation, or violation of a party's copyrights, trademarks, trade secrets, patents, or other intellectual property rights.

Such claims may be brought and litigated in a court of competent jurisdiction by you on an individual basis only. On an individual basis means that you cannot bring such claims as a class, collective, coordinated, consolidated, mass and/or representative action against Uber. For the avoidance of doubt, this precludes you from bringing claims as or participating in any kind of any class, collective, coordinated, consolidated, mass and/or representative or other kind of group, multi-plaintiff or joint action against Uber and no action brought by you may be consolidated or joined in any fashion with any other proceeding. Where your claims are brought and litigated to completion on such an individual basis in a court of competent jurisdiction, Uber agrees to honor your election.

The parties' agreement not to require arbitration in these limited instances does not waive the enforceability of this Arbitration Agreement as to any other provision (including, but not limited to, the waivers provided for in Section 2(a), which will continue to apply in court as well as in arbitration), or the enforceability of this Arbitration Agreement as to any other controversy, claim, or dispute.

(c) Rules and Governing Law.

For disputes arising in California, the arbitration will be administered by ADR Services, Inc. ("ADR") in accordance with ADR's Arbitration Rules (the "ADR Rules") in effect at the time that the claim is brought, unless the parties agree otherwise in writing. The ADR Rules are available at www.adrservices.com or by searching for "ADR Arbitration Rules" using a service such as www.google.com or www.bing.com. The arbitration shall be heard by one arbitrator (the "Arbitrator") selected in accordance with the ADR Rules.

For disputes arising outside of California (or for disputes arising in California only if ADR cannot or will not administer the arbitration), the parties shall be required to meet and confer to select a neutral arbitration provider. Such an arbitration provider shall have operations in the state in which the dispute arises. If the parties are unable to mutually agree upon an arbitration provider, then either party may invoke 9 U.S.C. § 5 to request that a court of competent jurisdiction appoint an arbitration provider with operations in the state in which the dispute arises. Any arbitration provider appointed by a court under 9 U.S.C. § 5 shall conduct arbitration solely on an individualized basis as set forth in this Section 2. Once the parties mutually agree upon a neutral arbitration provider, or an arbitrator provider is appointed under 9 U.S.C. § 5, the ensuing arbitration shall commence pursuant to the rules of the designated arbitration provider, except as designated herein. Once an arbitration provider is agreed upon or appointed, an Arbitrator shall be appointed. The Arbitrator will be either (1) a retired judge or (2) an attorney licensed to practice law in the state where the arbitration is conducted with experience in the law underlying the dispute. The Arbitrator will be selected by the parties from the applicable arbitration provider's roster of arbitrators. If the

parties are unable to agree upon an Arbitrator after a good faith meet and confer effort, then the applicable arbitration provider will appoint the Arbitrator in accordance with its rules.

Notwithstanding any choice of law or other provision in these Terms, the parties agree and acknowledge that this Arbitration Agreement evidences a transaction involving interstate commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), will govern its interpretation and enforcement and proceedings pursuant thereto. It is the intent of the parties to be bound by the provisions of the FAA for all purposes, including, but not limited to, interpretation, implementation, enforcement, and administration of this Arbitration Agreement, and that the FAA and the applicable arbitration provider's rules shall preempt all state laws to the fullest extent permitted by law. If the FAA and applicable arbitration provider's rules are found to not apply to any issue regarding the interpretation or enforcement of this Arbitration Agreement, then that issue shall be resolved under the laws of the state where you reside when you accept these Terms.

Any dispute, claim, or controversy arising out of or relating to incidents or accidents resulting in personal injury (including but not limited to sexual assault or harassment claims) that you allege occurred in connection with your use of the Services, whether before or after the date you agreed to the Terms, shall be governed by and construed in accordance with the laws of the state in which the incident or accident occurred.

(d) Process.

Pre-Arbitration Dispute Resolution and Notification. The parties agree that good-faith informal efforts to resolve disputes often can result in a prompt, low-cost, and mutually beneficial outcome. The parties therefore agree that, before either party demands arbitration against the other, we will personally meet and confer, via telephone or videoconference, in a good-faith effort to resolve informally any claim covered by this Arbitration Agreement. Multiple individuals initiating claims cannot participate in the same informal telephonic dispute resolution conference. If you are represented by counsel, your counsel may participate in the conference, but you shall also fully participate in the conference. The party initiating the claim must give notice to the other party in writing of their intent to initiate an informal dispute resolution conference, which shall occur within 60 days after the other party receives such notice, unless an extension is mutually agreed upon by the parties. To notify Uber that you intend to initiate an informal dispute resolution conference, write to Uber Technologies, Inc., Attn: Legal Department, 1515 3rd Street, San Francisco, CA 94158, providing your name, the telephone number(s) associated with your Uber account (if any), the email address(es) associated with your Uber account, and a description of your claim. Engaging in an informal dispute resolution conference is a condition precedent that must be fulfilled before commencing arbitration, and the Arbitrator shall dismiss any arbitration demand filed before completion of an informal dispute resolution conference. The statute of limitations

and any filing fee deadlines shall be tolled while the parties engage in the informal dispute resolution process required by this paragraph.

Initiating Arbitration. In order to initiate arbitration following the conclusion of the informal dispute resolution process required by this Section, a party must provide the other party with a written demand for arbitration and file the demand with the applicable arbitration provider, as determined by Section 2(c). A party initiating an arbitration against Uber must send the written demand for arbitration to Uber Technologies, Inc., LLC, Attn: Legal Department, 1515 3rd Street, San Francisco, CA 94158, or serve the Demand on Uber's registered agent for service of process, c/o Uber Technologies, Inc. (the name and current contact information for the registered agent in each state are available online here). Additionally, a party initiating arbitration against Uber must send an electronic version of the demand for arbitration to the Arbitration Provider, and must send an electronic version of the as-filed demand to filed-arbitration-demands@uber.com.

By signing the demand for arbitration, counsel certifies to the best of counsel's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that (i) the demand for arbitration is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of dispute resolution; (ii) the claims and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; and (iii) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. The Arbitrator shall be authorized to afford any relief or impose any sanctions available under Federal Rule of Civil Procedure 11 or any applicable state law for either party's violation of this requirement.

(e) Location.

Unless you and Uber otherwise agree, the arbitration will be conducted in the county where you reside. Your right to a hearing will be determined by the applicable arbitration provider's rules. Subject to the applicable arbitration provider's rules, the Arbitrator will have the discretion to direct a reasonable exchange of information by the parties, consistent with the expedited nature of the arbitration.

(f) Offers of Judgment.

At least 10 days before the date set for the arbitration hearing, any party may serve an offer in writing upon the other party to allow judgment on specified terms. If the offer is accepted, the offer with proof of acceptance shall be submitted to the arbitrator, who shall enter judgment accordingly. If the offer is not accepted prior to the arbitration hearing or within 30 days

after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the arbitration. If an offer made by one party is not accepted by the other party, and the other party fails to obtain a more favorable award, the other party shall not recover their post-offer costs and shall pay the offering party's costs from the time of the offer.

(g) Arbitrator's Decision.

The Arbitrator will render an award within the time frame specified in the applicable arbitration provider's rules. Judgment on the arbitration award may be entered in any court of competent jurisdiction. The Arbitrator may award declaratory or injunctive relief only in favor of the claimant and only to the extent necessary to provide relief warranted by the claimant's individual claim. An Arbitrator's decision shall be final and binding on all parties.

The Arbitrator is not bound by decisions reached in separate arbitrations, and the Arbitrator's decision shall be binding only upon the parties to the arbitration that are the subject of the decision.

The Arbitrator shall award reasonable costs incurred in the arbitration to the prevailing party in accordance with the law(s) of the state in which arbitration is held.

(h) Fees.

With the exception of the provisions governing payment of arbitration costs set forth above, your responsibility to pay any filing, administrative, and arbitrator fees will be solely as set forth in the applicable arbitration provider's rules and shall be up to the amount you would be required to pay if you filed a claim in court.

If you have a gross monthly income of less than 300% of the federal poverty guidelines, you are entitled to a waiver of arbitration fees and costs, exclusive of arbitrator fees. If you believe that you meet the requirements to obtain a fee waiver, and your demand for arbitration arises outside of California, then you may request a fee waiver only by submitting to the arbitration provider AO 240, Application to Proceed in District Court Without Prepaying Fees or Costs (found here), or a declaration under oath containing all the information required by AO 240; if your demand for arbitration arises in California, then you must submit a declaration under oath providing your monthly income and the number of persons in your household.

Any and all disputes regarding a party's obligation to pay any arbitration fees or costs that arise after an arbitrator is appointed shall be determined solely by the arbitrator. If such a dispute arises before an arbitrator has been appointed, and if no Special Master has been requested by either party pursuant to section 2(a)(3)(c)(i) of these Terms, the parties agree that (i) the due

date for any disputed fees shall be stayed pending resolution of the parties' dispute, (ii) a panel of three arbitrators shall be appointed to resolve the parties' dispute concerning a party's obligation to pay fees or costs of arbitration, (iii) the panel of arbitrators shall be appointed by each party selecting one arbitrator from the arbitration provider's roster to serve as neutral arbitrators, and these arbitrators shall appoint a third neutral arbitrator. If the parties' arbitrators cannot agree on a third arbitrator, the arbitration administrator will select the third arbitrator, (iv) Uber shall pay any administrative fees or costs incidental to the appointment of a panel of arbitrators under this provision, as well as any fees or costs that would not be incurred in a court proceeding, such as payment of the fees of the arbitrator(s), as well as room rental, and (v) the arbitrator(s) shall issue a written decision with findings of fact and conclusions of law. If two or more fee disputes between a claimant and Uber arise at or around the same time, the disputes may be consolidated for resolution by a single arbitrator or panel of arbitrators either at the agreement of the parties or the election of the party common to all such disputes.

(i) Severability and Survival.

If any portion of this Arbitration Agreement is found to be unenforceable or unlawful for any reason, (i) the unenforceable or unlawful provision shall be severed from these Terms; (ii) severance of the unenforceable or unlawful provision shall have no impact whatsoever on the remainder of the Arbitration Agreement or the parties' ability to compel arbitration of any remaining claims on an individual basis pursuant to the Arbitration Agreement; and (iii) to the extent that any claims must therefore proceed on a class, collective, consolidated, or representative basis, such claims must be litigated in a civil court of competent jurisdiction and not in arbitration, and the parties agree that litigation of those claims shall be stayed pending the outcome of any individual claims in arbitration.

3. The Marketplace Platform & Services

Uber operates a personalized multipurpose digital marketplace platform that is accessed in a number of forms, including mobile and/or web-based applications ("Applications"). Among other things, the Uber Marketplace Platform enables you to discover and receive: (i) services rendered by Uber that facilitate your requests to independent third-party providers, including drivers and restaurants ("Third-Party Providers"), for the purchase of services or goods, such as transportation, logistics and/or delivery services from those Third-Party Providers; (ii) related personalized content, including features, recommendations and advertisements for products or services tailored to your needs and interests; and (iii) any supporting services, including payment processing and customer support. The Uber Marketplace Platform, personalized content and supporting services described in this Section are collectively referred to as "the Services." Unless otherwise agreed by Uber in a separate written agreement with you, the Services are made available solely for your personal, noncommercial use.

YOU ACKNOWLEDGE THAT YOUR ABILITY TO REQUEST, AND IF APPLICABLE, OBTAIN TRANSPORTATION, LOGISTICS AND/OR DELIVERY SERVICES FROM THIRD-PARTY PROVIDERS IN CONNECTION WITH THE USE OF THE UBER MARKETPLACE PLATFORM AND SERVICES DOES NOT ESTABLISH UBER AS A PROVIDER OF TRANSPORTATION, LOGISTICS OR DELIVERY SERVICES OR AS A TRANSPORTATION OR PROPERTY CARRIER.

UBER IS NOT A COMMON OR MOTOR CARRIER, DOES NOT TRANSPORT YOU, AND USE OF THE UBER MARKETPLACE PLATFORM IS ONLY OPEN TO REGISTERED USERS OF THE UBER MARKETPLACE PLATFORM AND NOT TO THE GENERAL PUBLIC.

YOU ACKNOWLEDGE THAT INDEPENDENT THIRD-PARTY PROVIDERS, INCLUDING DRIVERS, ARE NOT ACTUAL AGENTS, APPARENT AGENTS, OSTENSIBLE AGENTS, OR EMPLOYEES OF UBER IN ANY WAY.

YOU ALSO ACKNOWLEDGE THAT ANY SAFETY RELATED EFFORT, FEATURE, PROCESS, POLICY, STANDARD OR OTHER EFFORT UNDERTAKEN BY UBER IN THE INTEREST OF PUBLIC SAFETY (WHETHER REQUIRED BY APPLICABLE REGULATIONS OR NOT) IS NOT AN INDICIA OF AN EMPLOYMENT, ACTUAL AGENCY, APPARENT AGENCY, OR OSTENSIBLE AGENCY RELATIONSHIP WITH AN INDEPENDENT THIRD-PARTY DRIVER.

License.

Subject to your compliance with these Terms, Uber grants you a limited, non-exclusive, non-sublicensable, revocable, non-transferable license to: (i) access and use the Applications on your personal device solely in connection with your use of the Services; and (ii) access and use any content, information and related materials that may be made available through the Services, in each case solely for your personal, noncommercial use. Any rights not expressly granted herein are reserved by Uber and Uber's licensors.

Restrictions.

You may not: (i) remove any copyright, trademark or other proprietary notices from any portion of the Services; (ii) reproduce, modify, prepare derivative works based upon, distribute, license, lease, sell, resell, transfer, publicly display, publicly perform, transmit, stream, broadcast or otherwise exploit the Services except as expressly permitted by Uber; (iii) decompile, reverse engineer or disassemble the Services except as may be permitted by applicable law; (iv) link to, mirror or frame any portion of the Services; (v) cause or launch any programs or scripts for the purpose of unduly burdening or hindering the operation

and/or functionality of any aspect of the Services; or (vi) attempt to gain unauthorized access to or impair any aspect of the Services or its related systems or networks.

Third-Party Services and Content.

The Services may be made available or accessed in connection with third-party services and content (including advertising) that Uber does not control. Once you click on a link to third-party services or content, you will be subject to the terms and conditions and privacy policy of that website, destination, or third-party service provider. Uber will not warn you that you have left the Services or that you are subject to the terms and conditions (including privacy policies) of another website, destination, or third-party service provider. You use all links in third-party websites and advertisements at your own risk as these are not part of the Services and are not controlled by Uber. You acknowledge that different terms of use and privacy policies may apply to your use of such third-party services and content. Uber does not endorse such third-party services and content and in no event shall Uber be responsible or liable for any products or services of such third-party providers.

App Stores.

You acknowledge and agree that the availability of the Applications may be dependent on the third-party from which you received the Application's license, e.g., the Apple iPhone or Android app stores ("App Store"). You acknowledge and agree that this Agreement is between you and Uber and not with the App Store and that Uber is responsible for the provision of Services as described in this Agreement. However, if you downloaded the Application from the Apple App Store, Apple and its subsidiaries are third-party beneficiaries of this Agreement. Upon your acceptance of this Agreement, Apple shall have the right (and will be deemed to have accepted the right) to enforce this Agreement against you as a third-party beneficiary thereof. This Agreement incorporates by reference Apple's Licensed Application End User License Agreement, for purposes of which, you are "the end-user." In the event of a conflict in the terms of the Licensed Application End User License Agreement and this Agreement, the terms of this Agreement will control.

Ownership.

The Services and all rights therein are and shall remain Uber's property or the property of Uber's licensors. Neither these Terms nor your use of the Services convey or grant to you any rights in or related to the Services except for the limited license granted above.